UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRABHDEEP CHEHAL, et al., | Case No. 26-cv-03415-EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANTS'** **MOTION TO DEFER** |
| ROBINHOOD MARKETS, INC., et al., | Docket No. 20 |
| Defendants. | |

Plaintiffs are five individuals (residing in California, New Jersey, New York, and Michigan) who have filed a class action against two Robinhood entities (collectively, "Robinhood"). According to Plaintiffs, Robinhood facilitates the sale of illegal and unregulated sports event gaming contracts to its customers through the Robinhood mobile app and website. Robinhood's response to Plaintiffs' complaint is due on June 29, 2026. Robinhood now moves the Court to defer the date by which it must respond to the complaint so that it can first move to compel arbitration as to 4 out of the 5 Plaintiffs. Plaintiffs oppose the motion. Having considered the parties' briefs and accompanying submissions, the Court **GRANTS** Robinhood's motion.

Robinhood intends to respond to Plaintiffs' complaint with a motion to dismiss, not an answer. But the Court cannot adjudicate the motion to dismiss if the case belongs in arbitration, and therefore Robinhood's request to defer the motion to dismiss until after the motion to compel arbitration is resolved is reasonable. To be sure, it appears Robinhood's motion to compel arbitration shall be directed to only 4 out of the 5 Plaintiffs (*i.e.*, there will be no motion to compel as to the Michigan Plaintiff). However, from an efficiency standpoint, it does not make sense for the Court to set up two different tracks – especially because it is likely that the motion to dismiss

United States District Court
Northern District of California

will raise similar issues for all 5 Plaintiffs, even if they are from different states.

That being said, the Court expects Robinhood to move promptly with its motion to compel arbitration.  Robinhood shall file its motion to compel arbitration by June 29, 2026.  The parties shall meet and confer regarding the hearing date for the motion to compel.

The Court also orders the parties to meet and confer to see what discovery can move forward in this case for the time being.  Even assuming part of this case will be arbitrated, it seems likely that there will be some discovery in the arbitral forum.  Thus, there is no reason why that information which is likely to be discovered even in arbitration should not be disclosed or provided now within the confines of this case.  The Court's general practice is *not* to entirely stay discovery simply because a defendant intends to move to dismiss or move to compel arbitration.

This order disposes of Docket No. 20.

**IT IS SO ORDERED**.

Dated: June 12, 2026

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

2